IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 16–cv–02430–PAB–KMT

KEVIN ASBRIDGE,

    Plaintiff,

v.

FIRST STEP GROUP, LLC,

    Defendant.

## ORDER

This matter is before the court on the "Joint Motion for Stay of Proceedings Pending a Ruling on Defendant's Motion to Dismiss (Doc. No. 14)." (Doc. No. 35.) Plaintiff brings this action under the Fair Debt Collections Practice. (*See generally* Doc. No. 1.) Currently pending before the court is Defendant's Motion to Dismiss arguing Plaintiff's Complaint should be dismissed based upon failure to state a claim and lack of subject matter jurisdiction. (Doc. No. 14.) The parties now move for a stay of these proceedings pending a ruling on the Motion to Dismiss.

Although a stay of proceedings is generally disfavored, the court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District."); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)

(finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., Federal Practice and Procedure § 2040, at 521–22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

As to the first and second *String Cheese* factors, because the motion to stay is presented jointly by the parties there is no prejudice that will result from the stay. With regard to the third factor, it is certainly more convenient for the court to grant the stay until it is clear to what extent the case will proceed. *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). Here, the motion to dismiss will resolve all issues in this case if it is granted. Thus, the third factor weighs in favor of granting a stay.

With regard to the fourth factor, no nonparties with significant particularized interests in this case have been identified. The court finds that absent any specific nonparty interests that would be affected, the fourth factor neither weighs in favor of nor against granting a stay. Finally, with regard to the fifth factor, the court finds the public's primary interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the court clearly serves this interest. Thus, the fifth factor weighs in favor of granting a stay.

Weighing the relevant factors, the court finds that a stay of proceedings is warranted in light of the pending Motion to Dismiss.

Accordingly, it is

**ORDERED** that "Joint Motion for Stay of Proceedings Pending a Ruling on Defendant's Motion to Dismiss (Doc. No. 14)" (Doc. No. 35) is **GRANTED**. The case is stayed pending a ruling on the Motion to Dismiss. The parties shall file a status report within ten days of the final ruling on the Motion to Dismiss.

Dated this 30th day of March, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge